HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
One Gateway Center
Newark, New Jersey 07102-5386
(973) 621-9020
Tel. (973) 621-9020
By: Richard B. Honig, Esq.
*Special Counsel to Trustee*
rbhonig@hlgslaw.com

        and

MELLINGER, SANDERS & KARTZMAN, LLC
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Tel. (973) 267-0220
By: Adam G. Brief, Esq.
*Attorneys for Trustee, Steven P. Kartzman*

```
-----------------------x
In Re:                 :    UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF NEW YORK
MAC TRUONG,            :
                            Case No. 07-cv-8267 (VM)
        Debtor.       :
-----------------------x
MAC TRUONG,            :    CERTIFICATION OF STEVEN P.
                            KARTZMAN IN OPPOSITION TO MOTION
        Appellant,    :    TO VACATE ORDER CLOSING CASE

v.                     :

STEVEN P. KARTZMAN,    :

        Appellee,     :
-----------------------x
```

        STEVEN P. KARTZMAN, of full age, certifies as follows:

        1.   I am an attorney at law of the State of New Jersey
and am a member of the firm of Mellinger, Sanders & Kartzman,

LLC, attorneys for the Chapter 7 Trustee. I am the Chapter 7 Trustee (the "Trustee") in the bankruptcy case of Mac Truong and Maryse Mac Truong bearing case number 03-40283 NLW, and the Plaintiff in an adversary proceeding styled *Kartzman, Trustee v. Mac Truong et als.*, bearing adversary proceeding number 03-2681 NLW (the "Adversary Proceeding"). As such, I have full knowledge of the facts and circumstances hereof. I make this Certification in Opposition to Mac Truong's Motion to Vacate Order Closing Case.

2.    On February 14, 2008, the Bankruptcy Court for the District of New Jersey entered an Order Imposing Filing Injunction Against Mac Truong, Maryse Mac Truong and any Entity Acting on Their Behalf. A true and correct copy of the Injunction Order is annexed hereto as Exhibit A.

3.    Mac Truong is a former attorney of the State of New York, and was disbarred in 2005. In connection with Mac Truong's bankruptcy case in New Jersey, Truong has appealed no less than 12 orders to the District Court. A true and correct copy of the results from an ECF query in the District Court of New Jersey is annexed hereto as Exhibit B. Truong has additionally appealed other Orders in cases in which the Trustee was not involved.

4.    This is not the first time that one of Truong's appeals has been dismissed for failure to follow the Bankruptcy Rules. A true and correct copy of an Order of Dismissal entered

2

July 26, 2006 in the District of New Jersey is annexed hereto as Exhibit C.

   5. Attached as Exhibit D is a true and correct copy of the cover and pages 29 through 47 of the transcript of the proceedings before Hon. James M. Peck on July 24, 2007, wherein Judge Peck issued his Decision that is the basis for the Order being appealed.

   I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

          _/s/ Stephen P. Kartzman_
          STEVEN P. KARTZMAN, ESQ.

Dated: February 28, 2008

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(e)

Order Filed on
2/14/2008
by Clerk U.S. Bankruptcy
Court District of New Jersey

In Re:

Mac Truong and Maryse Mac-Truong,

Case No.: 03-40283

Hearing Date:

Judge: Novalyn L. Winfield

## ORDER IMPOSING FILING INJUNCTION AGAINST MAC TRUONG, MARYSE MAC TRUONG AND ANY ENTITY ACTING ON THEIR BEHALF

The relief set forth on the following pages, numbered two (2) through \_\_\_\_2\_\_\_\_ is hereby **ORDERED**.

DATED: 2/14/2008

Honorable Novalyn L. Winfield
United States Bankruptcy Judge

Page 2
Debtor:          Mac Truong and Maryse Mac-Truong
Case No.:        03-40283
Adv. No.:        03-2681
Caption or Order:    Order Imposing Filing Injunction Against Mac Truong, Maryse Mac Truong
                     and Any Entity Acting on Their Behalf

---

This matter having been brought before the Court on the motion of Trustee/Plaintiff Steven P. Kartzman, for an order imposing a filing injunction against Mac Truong and Maryse Mac Truong, and any entity acting on their behalf, and this Court having considered the opposition to the motion and the arguments of the Trustee and Mac Truong, and the court having issued its opinion on February 14, 2008; it is

ORDERED AS FOLLOWS:

1.    Effective as of the date of the entry of this order on the docket, Mac Truong, Maryse MacTruong, and any entity or individual acting on their behalf are enjoined from filing any new action seeking relief against (i) the Trustee, (ii) the law firms and individual attorneys who have represented him in this bankruptcy case, (iii) the realtor and any individual agent or broker who represented the Trustee in this bankruptcy case, and (iv) any other professional who has assisted the Trustee in the administration of this bankruptcy case, in any tribunal in the United States (including any state court, federal court, or state or federal administrative agency) unless leave is granted by the bankruptcy court to file such an action.

2.    To obtain leave of the bankruptcy court to file a new action against the Trustee and/or his professionals, Mac Truong, Maryse Mac Truong and any entity or individual acting on their behalf must file a motion captioned "Motion Pursuant to Court Order Seeking Leave to File." That motion must be supported by a sworn affidavit stating that (i) the new action is based on new claims, issues or facts that have not been previously raised in any court and are not barred by the doctrines of issue preclusion or claim preclusion, (ii) that the affiant believes the facts on which the new action is based are true, (iii) that the affiant has no reason to believe the new claims foreclosed by applicable law, and (iv) that the affiant acknowledges that the affiant may be found in contempt of court and punished accordingly if anything contained in the affidavit is determined to be willfully false. The affiant shall annex the following exhibits to the affidavit: a copy of this order, the document that is proposed to be filed, and a certification of service showing service of the motion on each party against whom relief is sought.

3.    Effective as of the date of the entry of this order on the docket, in any matter in a non-bankruptcy forum other than an appeal to the United States District Court for the District of New Jersey, that was pending on the date that the

*Approved by Judge Novelyn L. Winfield February 14, 2008*

Trustee filed his motion to obtain this expanded injunction, Mac Truong, Maryse Mac Truong and any entity or individual acting on their behalf shall file this order, together with the court's February 14, 2008 opinion and its exhibits as a supplement to any complaint or motion in which they seek relief based on matters arising in or related to this bankruptcy case.

4. Effective as of the date of the entry of this order on the docket, in any new or pending appeal, to the United States District Court for the District of New Jersey from any order of the bankruptcy court issued in either bankruptcy case 03-40283 or adversary proceeding 03-2681, Mac Truong, Maryse Mac Truong and any entity or individual acting on their behalf, shall file this order, together with the court's February 14, 2008 opinion and its exhibits as part of the designation of the record on appeal.

5. Failure to comply with the terms of this order may constitute sufficient grounds for denial of the relief sought by Mac Truong, Maryse Mac Truong or any entity or individual acting on their behalf.

6. The terms of the March 20, 2006 order of this court remain in full force and effect with regard to any pleadings, motions or cross-motions that Mac Truong or Maryse Mac Truong wish to file in Case No. 03-40283 or Adversary Proceeding 03-2681.

7. A copy of this Order shall be served on all parties to the Trustee's motion within seven (7) days of the entry of this order on the docket.

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on February 14, 2008, I mailed a copy of the foregoing order to each of the following:

Steven P. Kartzman, Esq.
Mellinger, Sanders & Kartzman, LLC
101 Gibraltar Drive, Suite 2F
Morris Plains, NJ 07950

James J. Waldron, Clerk

*Approved by Judge Novalyn L. Winfield February 14, 2008*

# EXHIBIT B

# Select A Case

**This person is a party in 28 cases.**

| | | | |
|---|---|---|---|
| 2:02-cv-05178-FSH | TRUONG, et al v. LEVY, et al | filed 10/29/02 | closed 04/02/03 |
| 2:02-cv-05179-FSH | TRUONG, et al v. CHARLES SCHWAB & CO., et al | filed 10/29/02 | closed 04/04/03 |
| 2:02-cv-05180-FSH | TRUONG, et al v. TRAN | filed 10/29/02 | closed 04/03/03 |
| 2:02-cv-05181-DMC | TRUONG, et al v. BAKER, et al | filed 10/29/02 | closed 02/07/03 |
| 2:03-cv-04618-WGB | BROADWHITE ASSOCIATE v. TRUONG, et al | filed 09/29/03 | closed 10/08/03 |
| 2:03-cv-04866-WJM | MAC-TRUONG, et al v. DDC FOR THE FIRST, et al | filed 10/03/03 | closed 11/05/03 |
| 2:04-cv-01976-JLL | TRUONG v. BROADWHITE ASSOCIATES | filed 04/28/04 | closed 07/12/04 |
| 2:05-cv-02595-WGB | MAC-TRUONG vs KARTZMAN, et al | filed 05/19/05 | closed 06/24/05 |
| 2:05-cv-02847-WGB | TRUONG et al v. KARTZMAN et al | filed 06/03/05 | closed 06/24/05 |
| 2:05-mc-00389-DRD | TRUONG v. KARTZMAN ET AL. | filed 11/23/05 | |
| 2:05-mc-00418-DRD | MAC TRUONG v. STEPHEN P. MCGOLDRICK | filed 11/30/05 | |
| 2:06-cv-02113-JAP-MCA | TRUONG v. WINFIELD et al | filed 05/08/06 | closed 07/06/06 |
| 2:06-cv-03178-FSH | TRUONG v. TRAN | filed 07/13/06 | closed 10/20/06 |
| 2:06-cv-03179-SDW | TRUONG et al v. KARTZMAN | filed 07/13/06 | closed 07/28/06 |

| 2:06-cv-03180-FSH | TRUONG v. THI-NGUYEN | filed 07/13/06 | closed 09/20/06 |
| 2:06-cv-03181-FSH | TRUONG et al v. NGUYEN | filed 07/13/06 | closed 09/20/06 |
| 2:06-cv-03182-FSH | TRUONG et al v. NGUYEN | filed 07/13/06 | closed 09/20/06 |
| 2:06-cv-03183-FSH | TRUONG et al v. NGUYEN | filed 07/13/06 | closed 08/03/06 |
| 2:06-cv-03286-GEB | TRUONG et al v.MAC-TRUONG | filed 07/18/06 | closed 06/22/07 |
| 2:06-cv-03464-DRD | TRUONG et al v. KARTZMAN | filed 07/28/06 | closed 09/26/06 |
| 2:06-cv-04978-SRC | TRUONG et al v. KARTZMAN | filed 10/18/06 | closed 01/18/07 |
| 2:06-cv-05511-GEB | TRUONG et al v. KARTZMAN | filed 11/16/06 | closed 07/05/07 |
| 2:07-cv-01203-SDW-MCA | TRUONG et al v. KARTZMAN | filed 03/14/07 | closed 04/17/07 |
| 2:07-cv-03794-SDW | TRUONG et al v. KARTZMAN | filed 08/06/07 | closed 09/25/07 |
| 3:00-cv-04819-MLC | TRUONG v. VITRANSCHART, INC., et al | filed 09/19/00 | closed 10/11/00 |
| 3:00-cv-04820-MLC | TRUONG v. BROADWHITE ASSOC. | filed 09/19/00 | closed 10/11/00 |
| 3:00-cv-04821-MLC | TRUONG v. LINDENBERG, et al | filed 09/19/00 | closed 10/11/00 |
| 3:00-cv-04822-MLC | TRUONG v. VITRANSCHART, INC., et al | filed 09/19/00 | closed 10/11/00 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/21/2008 15:36:30 | | | |
| PACER Login: | sk0465 | Client Code: | |
| Description: | Search | Search Criteria: | Last Name: Truong First Name: Mac |

| Billable Pages: | 2 | Cost: | 0.16 |
|---|---|---|---|

# Select A Case

**This person is a party in 3 cases.**

2:07-cv-03794-SDW   TRUONG et al v. KARTZMAN   filed 08/06/07   closed 09/25/07

2:07-cv-05066-SDW   TRUONG et al v. KARTZMAN   filed 10/19/07

2:08-cv-00538-SDW   TRUONG v. KARTZMAN      filed 01/30/08

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/21/2008 15:36:41 | | | |
| **PACER Login:** | sk0465 | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: Truong First Name: Mac |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

# Select A Case

**This person is a party in 3 cases.**

2:07-cv-03794-SDW   TRUONG et al v. KARTZMAN   filed 08/06/07   closed 09/25/07

2:07-cv-05066-SDW   TRUONG et al v. KARTZMAN   filed 10/19/07

2:08-cv-00538-SDW   TRUONG v. KARTZMAN         filed 01/30/08

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/21/2008 15:36:41 | | | |
| **PACER Login:** | sk0465 | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: Truong First Name: Mac |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

# EXHIBIT "C"

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAC TRUONG, et al., | : | Civil Action No. 06-3179(SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN KARTZMAN, | : | **ORDER OF DISMISSAL** |
| | : | |
| Defendant. | : | |

**Wigenton, District Judge**

      Appellants Mac Truong and Marsey Mac Truong ("Appellants"), acting *pro se*, seek an appeal of an adverse judgment from Bankruptcy Court. Appellee Stephen Kartzman ("Appellee") objects to this appeal based on Appellants' violation of *Bankr.R.* 8006. Specifically, Appellants failed to file a "Designation of Items to be Included in the Record" and a "Statement of Issues to be Presented," which are prerequisite to a bankruptcy appeal pursuant to *Bankr.R.* 8006. The Court shall invoke *Bankr.R.* 8001(a) and dismiss Appellants' application for improper prosecution.

      The Bankruptcy Rules provide that a party seeking to appeal from a judgment of a bankruptcy judge to a district court must file a notice of appeal with the clerk of the bankruptcy court within ten days of entry of the contested order. *Bankr.R.* 8001(a), 8002(a). In addition, within ten days after filing the notice of appeal, "the appellant shall file with the clerk of the bankruptcy court and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." *Bankr.R.* 8006. The District Court shall have discretionary power to dismiss an appeal if the appellant fails to take any step required under the rules for proper prosecution of that appeal. *Bankr.R.* 8001(a). Further, *pro se* parties shall "follow the same rules of procedure that govern other litigants."

*Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

The appellate courts have affirmed dismissals of bankruptcy appeals for failure to comply with the rules. *See International Brotherhood of Teamsters v. Braniff Airways, Inc.*, 774 F.2d 1303 (5th cir. 1985); *In Re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992)(affirming dismissal of bankruptcy appeal because the appellant filed its designation of the record on appeal fifteen days late and did not request an extension until after the deadline had passed; noting that the only explanation offered was that the appellant's attorney was out of the country); *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)(affirming dismissal of appeal from bankruptcy court judgment because, without explanation, the plaintiffs failed to designate the record on appeal, file a statement of the issues, or file an appellate brief).

In the present case, Appellants filed the notice of appeal of a bankruptcy judgment on May 22, 2006. However, Appellant failed to file, within ten days from the date of filing the notice of appeal, a "Designation of Items to be Included in the Record" and a "Statement of Issues to be Presented" in contravention of *Bankr.R.* 8006. The Court, after nearly two months and the Bankruptcy Court notifying the District Court of Appellants' deficiencies, received a letter from Appellants seeking for an extension until August 1, 2006 to file the necessary document to meet the rules. The only explanation offered for Appellants' lack of prosecution of the appeal was that Appellants had not been apprised by the Court of the status of their appeal after the notice of appeal was filed on May 22, 2006.

The Court rejects this excuse as Appellants should have filed the documents timely pursuant to *Bankr.R.* 8006 irrespective of the status of their appeal. Furthermore, it appears, from a review of the Court's docket, that Appellant Mr. Truong currently has multiple proceedings before several District Judges. Ostensibly, Mr. Truong is familiar with the rules. Therefore, it is disingenuous of Mr. Truong to justify his inexcusable neglect based on an explanation that bears no merit.

Thus, it is on this 26th day of **July 2006**,

**Ordered** that Appellants' appeal of a judgment from Bankruptcy Court is denied.

**s/SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

Orig:  Clerk
cc:    Parties
       File

# EXHIBIT "D"

1                    UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF NEW YORK
2

3
   IN RE:                              .    Case No. 07-12194 (JMP)
4                                      .
   MAC TRUONG,                         .    Chapter 13
5                                      .
                     Debtor.           .    Manhattan, New York
6                                      .    Tuesday, July 24, 2007
   . . . . . . . . . . . . . . . .     .    9:10 a.m.
7
                     TRANSCRIPT OF STATUS CONFERENCE
8              BEFORE THE HONORABLE JAMES M. PECK
                     UNITED STATES BANKRUPTCY JUDGE
9
   APPEARANCES:
10
   For the Debtor:               Mac Truong, Pro Se
11                               325 Broadway
                                 New York, New York  10007
12
   For the U.S. Trustee:         Andrew D. Velez-Rivera, Esq.
13                               Serene K. Nakano, Esq.
                                 OFFICE OF THE U.S. TRUSTEE
14                               33 Whitehall Street, 21st Floor
                                 New York, New York  10004
15
   For Chapter 13 Trustee,       Jodi Kava, Esq.
16 Jeffrey L. Sapir:             399 Knollwood Road, Suite 102
   (Via Telephone)               White Plains, NY  10603
17
   Chapter 7 Trustee:            Steven P. Kartzman, Esq.
18 (Via Telephone)               MELLINGER SANDERS & KARTZMAN, LLC
                                 101 Gibraltar Drive, Suite 2F
19                               Morris Plains, NJ  07950

20 Audio Operator:               Electronically Recorded
                                 by Karen Cappiello, ECRO
21
   Transcription Company:        Rand Transcript Service
22                               80 Broad Street, Fifth Floor
                                 New York, New York 10004
23                               (212) 504-2919
                                 www.randtranscript.com
24

25 Proceedings recorded by electronic sound recording, transcript
   produced by transcription service.

1   counseling.

2        MR. VELEZ-RIVERA:  We weren't aware of that, Your

3   Honor.

4        THE COURT:  That motion, which is not presently before

5   me, which I saw was filed yesterday, argues that because of the

6   urgency associated with the foreclosure or eviction in New

7   Jersey of the 327 Demott Avenue premises that there was no time

8   to obtain credit counseling.  It was filed as a motion that,

9   among other things, repeated many of the statements made in the

10  motion filed by this debtor relating to venue.

11       In the ordinary Chapter 13 case, there is a standard

12  form which is submitted to chambers seeking an extension of the

13  time for filing a credit counseling certificate.  Those forms

14  ordinarily provide for the individual debtor who may be pro se

15  to set forth the reasons that support a finding of exigent

16  circumstances that would warrant a 30-day extension of the

17  requirement for filing that certificate.

18       These requests are routinely either granted or denied.

19  On occasion, these requests become the subject of a hearing on

20  my regular Chapter 13 day.  And as Miss Kava knows, and she's

21  on the line listening to this hearing, as recently as last

22  Thursday, I granted a request for an extension of the time,

23  although it's an unusual circumstance for me to do that.

24       Based upon my review of the facts and circumstances of

25  this Chapter 13 case, particularly since the disputes with the

1   trustee that precipitated the filing have been ongoing for a

2   number of years and particularly because Mr. Truong, although

3   no longer permitted to practice law, was at one time a member

4   of the Bar of the State of New York and continues to be on the

5   rolls of admitted attorneys in the Second Circuit, a situation

6   which I would hope will be corrected soon and that you will be

7   stricken from the list of attorneys in the Second Circuit, Mr.

8   Truong.  But nonetheless, you are educated as a lawyer and as a

9   result of your having filed numerous pleadings pro se in the

10   bankruptcy cases that have involved you and your wife in the

11   District of New Jersey, you are an unusually sophisticated pro

12   se litigant and pro se debtor.

13         As a result, I have to conclude that you have been

14   aware for some time of the requirement to obtain credit

15   counseling if you were ever going to commence a case to be

16   governed under the law that came into effect on October 17,

17   2005, and that the circumstances that you have set forth in

18   your application to be excused from the requirement of credit

19   counseling that applies to all debtors who seek relief under

20   Chapter 13 -- I find that your application for such relief is

21   lacking in the requisite allegations of exigent circumstances

22   to warrant being excused of the requirement for credit

23   counseling and I am denying your application today, even though

24   it is not before me today, so that you are aware that this is a

25   ministerial act that courts routinely will exercise without a

1   full hearing.

2         You, however, have had the extra added attraction of

3   having had a full opportunity to appear and be heard at a time

4   when you've also had an opportunity to hear from Mr. Kartzman

5   and from the U.S. Trustee's Office regarding the concerns that

6   they have as to this case, not only with respect to credit

7   counseling, but as to this case being a somewhat shocking and

8   extraordinary example of bankruptcy abuse.

9         The particular reason that I conclude that this is a

10  shocking and conspicuous example of bankruptcy abuse is that

11  you filed this case for the express purpose of blocking Mr.

12  Kartzman's efforts to evict you from your home in New Jersey.

13  You filed the case knowing full well that Judge Winfield in

14  March of this year had already concluded that you were not a

15  debtor of the sort entitled to Chapter 13 relief.

16        In fact, her opinion which denied you that relief

17  quotes from a Supreme Court of the United States case

18  indicating that you are an individual who is not a member of

19  the class of "honest but unfortunate debtors" that the

20  bankruptcy laws were enacted to protect.  See Grogan v. Garner,

21  498 U.S. at 287.

22        This is a circumstance in which the Chapter 13 case

23  commenced on July 19 follows within hours the dismissal of the

24  Chapter 11 case of To-Viet-Dao which also included actions by

25  your counsel that were shocking in effect that there were

1   affirmatively misleading statements made to this Court to

2   schedule an emergency hearing for purposes of applying the

3   automatic stay to the actions Mr. Kartzman had undertaken

4   against you in New Jersey.  That request for emergency relief

5   that I must believe you helped to engineer followed within

6   approximately one week Judge Brown's decision of July 5 which

7   affirmed Judge Winfield's various decisions that went against

8   you in the bankruptcy court.

9           My reasonable conclusion from what I have observed

10  both in the To-Viet-Dao hearing last week and today's status

11  conference, is that you are seeking to use this court as a

12  means to collaterally attack judgments that have been obtained

13  against you by Mr. Kartzman as Chapter 7 trustee in the cases

14  involving you and your wife in the District of New Jersey.

15          The United States bankruptcy system was not set up so

16  that an individual debtor could cross the Hudson River and

17  obtain relief in New York not obtainable in New Jersey.

18          It's apparent from my review of Judge Winfield's

19  decision of March 5, 2007 that she fully and fairly evaluated

20  your request to convert your Chapter 7 case to a case under

21  Chapter 13 and concluded for a variety of reasons that

22  conversion was not appropriate.  She gave careful consideration

23  to the United States Supreme Court's recent decision In re

24  Maramma in which the United States Supreme Court indicated that

25  there was not an automatic right of conversion from Chapter 7

1  to Chapter 13 and that good faith was a matter of significance

2  for bankruptcy courts to consider in administration of cases

3  such as this.

4         As Judge Winfield observed at Page 8 of her decision:

5         "The facts in Maramma are not dissimilar to the facts

6         in the case at bar.  Here, the Truongs transferred

7         their property to family members and corporate

8         entities to put it beyond the reach of the trustee and

9         their creditors.  They have made inconsistent and

10        unconvincing explanations of their assets and

11        liabilities.  Moreover, they filed this motion to

12        convert only after the Chapter 7 trustee moved to

13        remove them from their residence for failure to

14        cooperate with him.  This type of bad faith conduct

15        makes the Truongs unworthy of and therefore ineligible

16        for the benefits of Chapter 13.  A bankruptcy court

17        will not permit the abuse of the bankruptcy process."

18        I agree with Judge Winfield.  A bankruptcy court

19  should not permit the abuse of the bankruptcy process and I see

20  abundant evidence that Mr. Truong is seeking to use this court

21  to achieve a goal not otherwise obtainable in New Jersey in a

22  case that has been pending since 2003.  This is an abuse that I

23  will not tolerate.

24        My original inclination before today's status

25  conference was that one way to deal with this situation was to

1  simply transfer on my own motion this Chapter 13 case from the

2  Southern District of New York to the District of New Jersey

3  upon a finding that the District of New Jersey was the proper

4  venue for this bankruptcy case.  The bankruptcy case was

5  commenced by Mr. Truong's own statement today for the express

6  purpose of protecting his possessory rights, if any, at 327

7  Demott Avenue, a property which is located in Teaneck, New

8  Jersey and which has been the subject of much litigation before

9  Judge Winfield and in the District Court of New Jersey.

10        However, based upon the statements made on the record,

11  the papers submitted by Mr. Kartzman, the position articulated

12  by the Office of the United States Trustee, and in particular

13  my observation of Mr. Truong, who during his own presentation

14  today has shown a complete lack of remorse in his dealing with

15  these issues, I believe that the only proper resolution of this

16  matter is to dismiss this bankruptcy case as an unabashedly bad

17  faith filing; one in which Mr. Truong, on the heels of

18  dismissal of the To-Viet-Dao Chapter 11 bankruptcy case, sought

19  once again to obtain the protections of the automatic stay and

20  knew full well at the time that he filed the Chapter 13 case

21  here that he was seeking a relief that had been denied him by

22  Judge Winfield following full argument and an adjudication that

23  was made in March of 2007.

24        Mr. Truong is not entitled to obtain here what he

25  could not obtain in his first bankruptcy case.

1          This is not a system that allows shopping from judge

2     to judge to finally find one who will find your way, Mr.

3     Truong.   Judge Winfield's decision is entitled to full respect.

4     The only way that I can give it the respect that it deserves is

5     to dismiss your case today, and that's what I'm doing.

6          As far as the request for springing sanctions, I am

7     prepared to provide an injunction against filing --

8          MR. TRUONG:   Your Honor, you said before that you

9     would let me talk before you make your conclusion of law.  I

10    did not even -- I was not even granted to put it on the record

11    an opportunity to object to Mr. Kartzman practical motion to

12    dismiss my case why he has no standing because actually the

13    authority to move the court to dismiss my Chapter 13 case

14    belong to the -- my Chapter 13 -- Mr. Sapir, who is the trustee

15    of my case --

16          THE COURT:   Well, before you --

17          MR. TRUONG:   -- and not --

18          THE COURT:   -- before --

19          MR. TRUONG:   -- because of Mr. Kartzman --

20          THE COURT:   Mr. --

21          MR. TRUONG:   Please, Your Honor.

22          THE COURT:   Mr. Truong, you're in my courtroom, so

23    you'll have a full opportunity to speak, but you also

24    interrupted me when I was speaking.  And I'm speaking to you

25    from a position of not just authority, but of real concern for

1   what you have perpetrated on the federal and state judicial

2   system.  I have reviewed in preparation for today's hearing

3   cases which include Judge Stein's decision from 2003, a

4   publicly available decision, in which it was apparent to him,

5   as it is apparent to me, that you have engaged in a pattern of

6   frivolous conduct that is sanctionable.  So I will give you a

7   full opportunity to say whatever you wish to say, but you'll

8   have that opportunity after I finish saying what I have to say.

9          MR. TRUONG:  Yes, Your Honor.

10         THE COURT:  As to the issue of springing sanctions

11  raised by the U.S. Trustee's Office, including what amounts to

12  non-dischargeable monetary penalties associated with further

13  filings, I am not inclined to provide monetary penalties

14  associated with a bankruptcy filing.  There is a constitutional

15  right to commence bankruptcy cases in appropriate

16  circumstances.

17         This case appears to me to be one in which the right

18  to file has been forfeited by the abuse of circumstances

19  surrounding the timing of the filing and the fact that Mr.

20  Truong with full knowledge knew that a Chapter 13 was not

21  available to him in his home court.  I am concerned that the

22  dismissal of Mr. Truong's case will not be sufficient under

23  today's circumstances because his wife might just as easily

24  file for Chapter 13 relief tomorrow.

25         So what I am prepared to do in light of the obvious

1    linkage between Mr. Truong and his wife -- I will note, for

2    example, that in the original Chapter 13 case of To-Viet-Dao,

3    Mr. Truong appeared when the case was first called as a pro se

4    individual acting on behalf of a limited partnership. I told

5    him at that time that a limited partnership could not appear in

6    court as a pro se party and needed to be represented by

7    counsel. I also told him that Chapter 13 was a chapter of the

8    Bankruptcy Code that did not apply to limited partnerships, but

9    only to individuals.

10        He requested at that first hearing -- and this is only

11    the second time that I've had Mr. Truong in my court. He

12    requested at that first hearing the right to represent the

13    interest of the limited partnership, noting that he himself was

14    an attorney, although he said he had been suspended. I told

15    him that he would need to obtain an outside lawyer to represent

16    the enterprise.

17        He further argued with me at the time for the right to

18    convert the case to Chapter 11 rather than to dismiss the case

19    so as to minimize the filing fees associated with commencing a

20    new bankruptcy case. When I first met Mr. Truong, I had no

21    knowledge whatsoever of the rich litigation history that Mr.

22    Truong had in connection with 327 Demott Avenue, nor did I know

23    that To-Viet-Dao had filed for Chapter 13 originally and sought

24    a conversion to Chapter 11 for purposes of protecting that real

25    estate and for purposes of collaterally attacking judgments

1  that had been obtained in the District of New Jersey.

2        During subsequent hearings with respect to To-Viet-

3  Dao, Mr. Truong's wife appeared instead of Mr. Truong, and she

4  appeared in her capacity as a general partner of To-Viet-Dao.

5  I will note that at the hearing that took place in this court

6  last week on July 18th, Mr. Truong's wife again appeared,

7  although she was accompanied by counsel.

8        I conclude as a result of the appearances that have

9  taken place in the To-Viet-Dao bankruptcy case, which is

10 clearly related to this bankruptcy case in that both were filed

11 for purposes of protecting the real estate in New Jersey from

12 Mr. Kartzman's ongoing efforts to evict the occupants, that

13 Mrs. Truong and Mr. Truong are involved in a tag team effort to

14 frustrate Mr. Kartzman's eviction.  For that reason, I am

15 prepared to include in the order dismissing this Chapter 13

16 case an injunction applicable both to Mr. Truong and to Maryse

17 Truong.

18        Mr. Truong, you wish to say something.  This is your

19 opportunity.

20        MR. TRUONG:  Yes, Your Honor.  The bottom line of this

21 case and why I am so frustrated in this case is this, Your

22 Honor.  My house was worth $270,000 at the time when I transfer

23 it to my sister-in-law in 1999.  Whatever it happens, now in

24 2003 --

25        THE COURT:  May I stop you for one second?  When you

1    transferred your house to your sister-in-law, your sister-in-

2    law was a resident of Paris, correct?

3            MR. TRUONG:  Yes, Your Honor.

4            THE COURT:  It has already been determined by Judge

5    Winfield in the Bankruptcy Court for the District of New Jersey

6    and by Judge Brown on appeal from her decisions in the

7    adversary proceeding brought against you by the trustee that

8    the transfer to your sister-in-law and the further transfers

9    that ultimately ended up in the property being titled to To-

10   Viet-Dao were fraudulent conveyances.  And we're not just

11   talking about constructive fraudulent conveyances, we're

12   talking about active culpable fraud.  We're talking about an

13   intention on your part found after full opportunity for you to

14   present your case that you were intentionally seeking to

15   protect that property from the hands of creditors, including

16   Broadwhite.

17           MR. TRUONG:  That's not --

18           THE COURT:  You don't need to re-litigate that here.

19   It is -- it's been --

20           MR. TRUONG:  Your Honor, you --

21           THE COURT:  -- done.

22           MR. TRUONG:  -- say you give me a chance --

23           THE COURT:  A court --

24           MR. TRUONG:  -- to talk and right now --

25           THE COURT:  You have a chance to talk --

1          MR. TRUONG:  -- you interrupt me every second.

2          THE COURT:  You have a chance to talk about the matter

3  that's before me.

4          MR. TRUONG:  Yes, Your Honor.

5          THE COURT:  You do not have an opportunity to re-

6  litigate any of the matters --

7          MR. TRUONG:  No that, Your Honor.

8          THE COURT:  -- that have been litigated in New Jersey.

9          MR. TRUONG:  I do not, Your Honor.  I just say the

10  value of the property's 270 at that time.  So however it is,

11  now the house is worth 750,000.  So whatever it is, the

12  fraudulent transfer, be it that way.  Actually it's not, but

13  then we don't litigate that.  But let it be.  So it's still

14  only $270,000 subject to fraudulent transfer and now the value

15  of the house is $750,000.  So be that the estate has only

16  $270,000 in that property and the balance of $480,000 still

17  belong to me outright if that's the case, Your Honor.

18          So that's the main point, and right now I owe

19  absolutely nothing to anybody, a Chapter 7 debtor or a Chapter

20  13 debtor.  And right now all that I worry about is Mr.

21  Katzman's fee, Your Honor.  He just make up the whole thing and

22  then now he claim first just only few minute ago that he has

23  $200,000 in fees.  That's what I worry about.

24          And now just last week he say I have $300,000 in fee

25  against you.  So right now the bottom line is very simple, Your

1   Honor.  They want to sell my house to get $750,000 for Mr.

2   Kartzman to get 300,000 fees and nobody else get anything,

3   except maybe the mortgagee get 14,000 like he said himself.

4   That's the bottom line, Your Honor.

5           THE COURT:  Mr. Truong, the only court that should be

6   hearing this argument is Judge Winfield's court or to the

7   extent that the matter has been appealed to a higher court, the

8   Third Circuit.  The Southern District of New York is a stranger

9   court to this dispute.

10          You may have an office on Broadway and you may have

11  written numerous pro se pleadings from that location which were

12  filed in the District of New Jersey, but you voluntarily

13  commenced, as I understand it, two separate bankruptcy cases in

14  the District of New Jersey, you've commenced voluntarily two

15  collateral bankruptcy cases in the Southern District of New

16  York, you've had a history of litigation in New York State

17  Supreme Court and in the District Court for the Southern

18  District of New York relating to a host of personal and

19  transactional issues, none of which are relevant to today's

20  status conference.

21          The only issue that is really relevant to today's

22  status conference is whether this bankruptcy case filed by you

23  on July 19 was filed abusively and whether or not it was filed

24  in the right district.  I believe that it was filed abusively

25  given the circumstances and my direct personal knowledge of

42

1   what went on in the To-Viet-Dao bankruptcy case immediately

2   prior to your commencement of this case, and I believe that

3   even if it were not filed abusively that it is filed in the

4   wrong court.

5           Even if you could demonstrate that your office

6   location was a location where you generated regular income, a

7   matter which is suspect in light of the affirmations made in

8   connection with your New Jersey in forma pauperis application,

9   I would find that the only forum that is appropriate for

10  hearing the Chapter 13 case would be Judge Winfield's court

11  because that is the court that has the greatest familiarity

12  with the facts and circumstances of your longstanding dispute

13  with your creditors and with Mr. Kartzman as Chapter 7 trustee.

14          Furthermore, I would on my own motion if I weren't

15  dismissing the case for an abusive filing, transfer the case

16  for the convenience of the parties and in the interest of

17  justice to Judge Winfield.  I have no doubt that once Judge

18  Winfield were to receive the case upon transfer, she would be

19  appalled to discover that you had sought to undermine her

20  authority and the finality of her decision in March of 2007

21  finding in clear and convincing language that you did not

22  qualify for Chapter 13 relief, that you had come here seeking

23  to obtain that relief from me.  I am not going to enable you to

24  do that.

25          The only appropriate outcome is dismissal.  Because

43

1   whether or not this were a bad faith filing, it would be

2   subject to dismissal upon the U.S. Trustee's motion because of

3   your failure to obtain credit counseling. I believe that the

4   U.S. Trustee would also seek to move to dismiss the case based

5   upon the abusive nature of the filing, particularly as it

6   related to the order crafted by that office on the 18th of July

7   seeking to bar To-Viet-Dao from further filings for one year.

8           MR. TRUONG:  Can --

9           THE COURT:  Your consistency is apparent. You will

10  stop at nothing to game the bankruptcy system. It's stopping

11  here and now. And if you continue, and you're welcome to say

12  whatever you like, you will simply further support Mr.

13  Kartzman's efforts, which I will give him to right to pursue,

14  to obtain sanctions against you under Section 1927. You are

15  digging a deeper and deeper hole for yourself and I believe

16  that you are in the predicament that you are in because you

17  have rather adroitly created it for yourself.

18          MR. TRUONG:  Your Honor, the reason why I have an

19  emergency it's because first To-Viet-Dao was supposed to be

20  able to protect the property in New Jersey, but on the 18, Your

21  Honor say that the property was gone from To-Viet-Dao estates

22  therefore it cannot protect it anymore.

23          And where was it gone to? It's gone to me, Your

24  Honor. So therefore only after To-Viet-Dao case was dismiss

25  and I do not obtain anymore the stay on the house due to To-

1  Viet-Dao's filing for Chapter 11 that I have an emergency to
2  file by myself as you know.  So that from that viewpoint
3  emergency is absolutely true.  So it had to be done quickly
4  because you know they would evict me from my house today.  So
5  that I have no choice even though I know that the credit
6  counseling is needed, I cannot know that I would have to file
7  for Chapter 13 right away after To-Viet-Dao case was dismiss,
8  Your Honor.
9         And now for my good faith belief in my right to have
10  the Chapter 13 is even though Judge Winfield did not allow me
11  to convert, it's because mainly first, Your Honor, it's because
12  she said that I had to refer to the amount of debts in my
13  original filing and now since it was amended to be less than
14  270,000, therefore that main thing -- that main hurdle is met
15  and therefore I qualify even to renew my Chapter 7 13 (sic)
16  before her.  Then I can do that, except that I would like to do
17  it here thinking that I have the right to have my business in
18  this forum and therefore, as a person who move from New Jersey
19  to New York, I have the right also to choose my forum.
20         Of course if I would like to be able to have a court
21  who is impartial and with a trustee who is impartial, I may
22  have a better chance.  If the Court blame that on me, that's
23  absolutely true, Your Honor.  I do need a court that is
24  impartial and that give me a chance of talking my case.  And my
25  case which is very simple.  Whatever it is my house is worth

45

1 | now $750,000 and all what Mr. Kartzman could do if he say that

2 | it doesn't belong to my Chapter 13 estate, he's completely

3 | wrong, Your Honor.

4 |         THE COURT:  Well, let me stop you because what you've

5 | just said demonstrates why this case should be dismissed.  You

6 | have said in your own words that you believe this Chapter 13

7 | case is about what happens to the equity value at 327 Demott

8 | Avenue, Teaneck, New Jersey, a property that has been the

9 | subject of much litigation already in the District of New

10 | Jersey.

11 |         It's not going to be re-litigated here, and you're not

12 | going to have the opportunity to choose your forum if it's not

13 | a forum that you've chosen in good faith.  And I believe based

14 | upon everything that I have seen both in the To-Viet-Dao

15 | bankruptcy and in this bankruptcy, and I have learned quite a

16 | lot in the last week, that you are not the kind of debtor who

17 | deserves the protection of Chapter 13 in this court and that

18 | Judge Winfield was quite right when she referenced the Grogan

19 | v. Garner case from the Supreme Court.  You are not a member of

20 | the class of honest but unfortunate debtors that bankruptcy

21 | laws were enacted to protect.  You are, sir, as far as I can

22 | tell, a schemer; somebody who is trying to use the system for

23 | your own advantage.  I will not tolerate it and this hearing is

24 | now over.

25 |         I will entertain an order from the Office the United

1  States Trustee to dismiss this case as a very obvious example

2  of a bad faith filing, together with a filing injunction

3  applicable to Mr. Truong and his wife.

4           Is there anyone else who wishes to be heard at this

5  point?

6           MR. KARTZMAN:  Your Honor, can we -- Steve Kartzman,

7  Your Honor.  Can we clarify the filing injunction?  Is there a

8  time period, a geographic scope --

9           THE COURT:  I think the geographic scope should be the

10  entire country and I think that the time should be a year.

11           MR. KARTZMAN:  And dismissal is with prejudice of the

12  Chapter 13 case, Your Honor?

13           THE COURT:  Absolutely.

14           MR. KARTZMAN:  And will Your Honor retain jurisdiction

15  to adjudicate a timely application for sanctions under Title 28

16  Section 1927?

17           THE COURT:  Yes.

18           MR. KARTZMAN:  Thank you, Your Honor.

19           MR. VELEZ-RIVERA:  Your Honor, we'll provide a form of

20  order along the terms of today's record and also in conformity

21  with the To-Viet-Dao dismissal order.  We'll also, if Your

22  Honor would like, submit a proposed form of order denying the

23  motion to excuse the credit counseling requirement.

24           THE COURT:  That's fine.

25           MR. VELEZ-RIVERA:  And then --

47

1       THE COURT:  I think that you should include in your

2   dismissal order as cause the failure to file credit counseling.

3       MR. VELEZ-RIVERA:  Absolutely, Your Honor.

4       And then one more thing, Your Honor.  The record

5   should reflect, and I will file an affidavit that I'm

6   personally handing to Mr. Truong a copy of the dismissal order

7   in the To-Viet-Dao case.

8       THE COURT:  Fine.  Thank you.

9       MR. KARTZMAN:  Thank you, Your Honor.

10      MR. VELEZ-RIVERA:  Thank you.

11      MS. KAVA:  Thank you, Your Honor.

12      THE COURT:  Thank you, Miss Kava.

13      MR. TRUONG:  Thank you, Your Honor.

14   (Proceedings concluded at 10:37 a.m.)

15                CERTIFICATION

16      I certify that the foregoing is a correct transcript

17   from the electronic sound recording of the proceedings in the

18   above-entitled matter to the best of my knowledge and ability.

19

20

21

22   _____        August 1, 2007
    Tracy Gegenheimer, AAERT Cert. No. 282
23   Certified Court Transcriptionist
    For Rand Transcript Service, Inc.
24

25