# HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP

COUNSELLORS AT LAW

BERNARD HELLRING (1916-1991)
JOEL D. SIEGAL △
JONATHAN L. GOLDSTEIN △
MICHAEL EDELSON
MARGARET DEE HELLRING △
RICHARD D. SHAPIRO △
CHARLES ORANSKY △
RICHARD B. HONIG △
RICHARD K. COPLON △
ROBERT S. RAYMAR △
RONNY J. G. SIEGAL △
STEPHEN L. DREYFUSS △
JOHN A. ADLER △
JUDAH I. ELSTEIN △
BRUCE S. ETTERMAN △
MATTHEW E. MOLOSHOK △
DAVID N. NARCISO △
ROBERT B. ROSEN △
SHERYL E. KOOMER
PATRICIA A. STAIANO
RONNIE F. LIEBOWITZ
LISA P. PARKER
CHRISTY L. SAALFELD △
CHAMISE CARTER △
ERIKA P. HANDLER
JOSEPH H. TRINGALI

ONE GATEWAY CENTER
NEWARK, NEW JERSEY 07102-5386
(973) 621-9020

February 28, 2008

FAX (973) 621-7406
www.hlgslaw.com

OF COUNSEL

PHILIP LINDEMAN II △

△NJ & NY

Hon. Victor Marrero
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 660
New York, New York  10007

Re:  Mac Truong
     Case No. 07-12194 (JMP)

     Mac Truong v. Steven P. Kartzman
     Case No. 07-CV-8267

Dear Judge Marrero:

This firm represents Appellee Steven P. Kartzman, the Chapter 7 Trustee (the "Trustee) in the case of Mac Truong and Maryse Mac Truong, Case No. 03-40283 NLW, and Plaintiff in an adversary proceeding styled *Kartzman, Trustee v. Mac Truong, et al.*, Adv. Pro. No. 03-2681 NLW, both of which are pending in the Bankruptcy Court for the District of New Jersey.  Kindly accept this letter brief in lieu of a more formal opposition to Mac

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP

Hon. Victor Marrero                -2-              February 28, 2008

Truong's Motion to Vacate Order Closing Case (the "Motion"). Filed contemporaneously herewith is the Certification of Steven P. Kartzman (the "Kartzman Cert."). For the reasons stated below, the Motion should be denied with prejudice.[1]

### A. The Facts Militate Against Restoration of the Appeal

In the Motion, Truong seeks to reinstate the appeal on grounds that he did not receive notice of when the appeal was docketed, and as such, did not know when to file his opening brief. Furthermore, by way of the Motion, Truong seeks to disqualify the Trustee as an appellee. At the outset it should be noted Truong's Motion was filed late. This Court's January

---

[1] As a procedural matter, on February 14, 2008, the New Jersey Bankruptcy Court entered an Order Imposing Filing Injunction Against Mac Truong, Maryse Mac Truong and any Entity Acting on Their Behalf. Paragraph 3 of that Order states that:

> [E]ffective as of the date of the entry of this order on the docket, in any matter in a non-bankruptcy forum other than an appeal to the United States District Court for the District of New Jersey, that was pending on the date that that Trustee filed his motion to obtain this expanded injunction, Mac Truong, Maryse Mac Truong and any entity or individual acting on their behalf shall file this order, together with the Court's February 14, 2008 opinion and its exhibits as a supplement to any complaint or motion in which they seek relief based on matters arising in or related to this bankruptcy case.

See Kartzman Cert., at ¶ 2, annexing a true and correct copy of the Injunction Order as Exhibit A. To date Truong has not submitted copies of the Injunction Order, Opinion and exhibits as he is required to do.

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP

Hon. Victor Marrero                -3-                February 28, 2008

17, 2008 Order dismissing the appeal instructed that any motion to reinstate must be filed within seven (7) days of the date of that Order. Truong did not file the Motion to reinstate until February 7, 2008, which was 14 days after the deadline. Even if the Court considers the out-of-time Motion, there are ample grounds to deny reinstatement.

In large part, Truong relies upon his *pro se* status as a basis to reinstate the appeal. Truong's reliance is disingenuous. Truong is a former attorney of the State of New York who was disbarred in 2005. See Kartzman Cert., at ¶ 3. Moreover, Truong is a prolific litigant and has spent more than a decade actively litigating *pro se* in countless actions in the state and federal Courts of New York and New Jersey, at the trial and appellate levels. By way of example, just in connection with his bankruptcy case in New Jersey, Truong has appealed no less than 12 orders to the District Court. See Id., annexing as Exhibit B the results of an ECF query in the District Court of New Jersey. Those bankruptcy appeals are governed by the same rules governing this appeal. Given that fact, together with Truong's background, it strains credulity to suggest that he is not familiar with the dictates of Bankruptcy Rule 8009. Indeed, Truong knew enough to file his designation of record in this appeal on September 24, 2007, so he cannot assert an

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP

Hon. Victor Marrero             -4-              February 28, 2008

unfamiliarity with the rules as a basis for restoration of the case. Rather, Truong sat on his rights and failed to take steps necessary to perfect his appeal. These facts militate against restoration of the appeal.

The Trustee has no knowledge as to whether or not Truong received notice of the docketing of the appeal. However, in the Motion Truong admits that he did receive on August 21, 2007 a notice that his request to proceed on this appeal *in forma pauperis* was denied. See Motion, at ¶ 6. Even if Truong did not receive notice of when the appeal was docketed, given his formal legal training and litigation experience, and his knowledge of Bankruptcy Rule 8009 from his prior appellate experience, there is no justifiable reason for Truong to have waited over four months without taking any action in an appeal that he filed.

    B.    **The Trustee Has Standing to Participate in the Appeal**

Truong's assertion that the Trustee lacks standing to be an appellee in this matter is without any basis in the law, nor is any law cited by Truong. This was not an adversary proceeding in the Bankruptcy Court where the parties are defined by those individuals or entities that are plaintiffs or defendants and where it may be necessary to intervene, as Truong suggests, in order to have a proper interest in this appeal. The actions taken by the Court below were in the main bankruptcy proceeding.

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP

Hon. Victor Marrero                -5-              February 28, 2008

Thus, anyone with an appropriate interest in the bankruptcy and its dismissal would have sufficient standing to oppose Truong's appeal.

In the instant matter, there is no party with greater interest, and thus no more appropriate appellee, than the Trustee. The Order from which Truong seeks to appeal dismissed the Chapter 13 case below based upon a July 24, 2007 hearing held *sua sponte* by the Bankruptcy Judge only five days after this purported bankruptcy was filed. In that Order, the Court finds, as a basis for the dismissal and the other relief, that Truong "filed this case in bad faith and to the prejudice of his creditors". How Truong's bad faith action directly affects the Trustee's interests is disclosed by the transcript of the July 24, 2007 proceedings before Hon. James M. Peck. See Kartzman Cert., Exhibit D. Judge Peck states within the Court's Decision:

> The particular reason that I conclude that this is a shocking and conspicuous example of bankruptcy abuse is that you filed this case for the express purpose of blocking Mr. Kartzman's efforts to evict you from your home in New Jersey. You filed the case knowing full well that Judge Winfield in March of this year had already concluded that you were not a debtor of the sort entitled to Chapter 13 relief.
> \* \* \*
> My reasonable conclusion from what I have observed both in the To-Viet-Dao hearing last week and today's status conference, is that you are seeking to use this court as a means to collaterally attack judgments that have been obtained against you by Mr. Kartzman as Chapter 7 trustee in the cases involving you and your wife in the District of New Jersey.

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP

Hon. Victor Marrero                -6-                February 28, 2008

> The United States bankruptcy system was not set up so that an individual debtor could cross the Hudson River and obtain relief in New York not obtainable in New Jersey.

Transcript, page 31, lines 9 through 15, and page 32, lines 9 through 17.

The Court below thus concluded that the filing of this Chapter 13 proceeding in New York was nothing more than Truong's improper effort to attack or circumvent judgments that the Trustee had obtained against Truong in New Jersey. That bad faith action by Truong directed at the Trustee resulted in Judge Peck's dismissal with prejudice of the bankruptcy case below. As a result, no person is more a party in interest with respect to Truong's efforts to appeal the dismissal than the Trustee. Truong's standing argument should be rejected out of hand.

### C. The Appeal Is Devoid of Merit and Reinstatement Is Futile

Truong's appeal is devoid of merit and reinstatement is futile. Truong cites to a litany of baseless contentions in an effort to demonstrate that his appeal has merit and that reinstatement is warranted. Despite Truong's contentions, the appeal is fatally flawed.

Most importantly, Truong fails to inform this Court that he did not obtain the required pre-petition credit counseling required by Bankruptcy Code Section 109(h)(1), and that he was

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP

Hon. Victor Marrero            -7-            February 28, 2008

not granted an exigent circumstances waiver as to same. Under the express provisions of the Bankruptcy Code, an individual may not be a debtor without having satisfied the credit counseling requirement. See 11 U.S.C. § 109(h). Thus, because Truong failed to obtain credit counseling, dismissal of his Chapter 13 case was required as a matter of law without regard to any other fact or circumstance. Even if this Court reinstates the appeal, there is no fact to which Truong can point to overcome his failure to obtain counseling. Therefore, based upon that fact alone, the Motion should be denied.

In addition to and notwithstanding the above, Truong's contentions that Judge Peck failed to issue "correct" findings of fact in dismissing Truong's bankruptcy case is ludicrous. Before dismissing the case, Judge Peck considered extensive papers from the Trustee filed in the Chapter 13 case and in the related case of To-Viet-Dao, LLP (case number 07-10696 JMP), of which Truong was a principal. Moreover, Judge Peck conducted a hearing on July 24, 2007, at which Truong testified, and the Trustee's counsel offered argument in support of dismissal. In short, Judge Peck concluded that Truong's bankruptcy case was filed in bad faith and represented a flagrant case of bankruptcy abuse as the case was filed for the sole purpose of frustrating the Trustee's administration of the estate in Truong's Chapter 7 case

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP

Hon. Victor Marrero                -8-                February 28, 2008

in New Jersey.  <u>See</u> Kartzman Cert., Exhibit D.  There are no facts of record to which Truong can point to demonstrate that any of Judge Peck's findings were erroneous.  Consequently, Truong's appeal is unfounded, and is just one more step in his frivolous, vexatious, and harassing litigation strategy.

In sum, for the reasons stated herein, the Trustee respectfully requests that the Court deny the Motion and not restore the appeal.

                                    Respectfully submitted,

                                    HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP

                                    By: _____
                                         RICHARD B. HONIG

                                    and

                                    MELLINGER, SANDERS & KARTZMAN, LLC

                                    By: <u>/s/ Adam G. Brief</u>
                                         ADAM G. BRIEF

BSE:jmd

cc:  Mac Truong