USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-13-08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re: MAC TRUONG,                  :
                                    :
                    Debtor,         :     07 Civ. 8267
------------------------------------:
                                    :     DECISION AND ORDER
MAC TRUONG,                         :
                    Appellant,      :
                                    :
     - against -                    :
                                    :
STEVEN P. KARTZMAN,                 :
                                    :
                    Appellee.       :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

## I. BACKGROUND[1]

Pro se appellant Mac Truong ("Truong") brought this action pursuant to 28 U.S.C. § 158, seeking to appeal ("Truong's Appeal") a judgment of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). According to the Clerk of Court, Truong's appeal was docketed on September 24, 2007. Truong was required under Fed. R. Bankr. P. 8009 ("Rule 8009") to serve and file his brief "within 15 days after entry of the appeal on the docket." That time expired without Truong filing a brief or requesting an extension of time to submit a brief in this

---

[1] The factual summary presented herein derives primarily from the following documents: Appellee's Memorandum of Law, dated Feb. 28, 2008 ("Appellee's Mem."); Appellant's Memorandum of Law, dated Feb. 8, 2008 ("Appellant's Mem."); and Appellant's Reply Memorandum of Law, dated Mar. 5, 2008 ("Appellant's Reply"). Except where specifically referenced, no further citation to these sources will be made.

matter. The Court, by order dated January 17, 2008 (the "January 17 Order"), directed the Clerk of Court to dismiss Truong's Appeal for failure to comply with Rule 8009, but provided that Truong may, for good cause shown, petition the Court within seven days of the January 17 Order for reinstatement of Truong's Appeal to the Court's calendar. Truong did not petition the Court within seven days of the January 17 Order, resulting in the termination of Truong's Appeal.

On February 11, 2008, Truong moved the Court to: vacate the January 17 Order; disqualify Steven P. Kartzman as an appellee or party; issue a briefing schedule and order; and direct the Clerk of Court to promptly serve Truong with a copy of any of the Court's orders in this case. For the reasons set forth below, Truong's motions are DENIED.

## II. DISCUSSION

United States District Courts have jurisdiction to review appeals from bankruptcy courts. See 28 U.S.C. § 158(a); see also In re Bucurescu, No. 01 Civ. 2799, 2003 WL 21297282, at *2 (S.D.N.Y. June 4, 2003). Pursuant to Rule 8009, "[t]he appellant shall serve and file a brief within 15 days after entry of the appeal on the docket" unless the Court specifies a different time limit. Rule 8009's time limitation is not a jurisdictional requirement, and thus, courts are not required

to automatically dismiss the appeal of a party who has failed to comply with Rule 8009's time limitation. See Balaber-Strauss v. Reichard (In re Tampa Chain Co.), 835 F.2d 54, 55 (2d Cir. 1987). Rather, courts — exercising their discretion — should determine whether dismissal is appropriate under the circumstances. See id. Courts have dismissed bankruptcy appeals when appellants failed to comply with Rule 8009's time limitation because of bad faith, negligence, or dilatoriness. See In re Bucurescu, 2003 WL 21297282, at *2; see also Theologis v. Ocwen Fed. Bank (In re Theologis), No. 98 Civ. 5016, 1999 WL 132177, at *1 (2d Cir. Mar. 9, 1999); Balaber-Strauss, 835 F.2d at 55-56.

Courts may permit an appellant to file his brief late "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). When determining whether an appellant's actions meet the excusable neglect standard, courts should consider all relevant circumstances, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the [appellant], and whether the [appellant] acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993).

In the instant matter, Truong did not comply with Rule

8009. On September 24, 2007, the Clerk of Court filed Truong's notice of appeal from the Bankruptcy Court, and pursuant to Rule 8009, Truong's brief was due by October 12, 2007. Truong neither filed a brief nor requested an extension. Instead, Truong brought the instant motion on February 11, 2008 to vacate the January 17 Order. Accordingly, Truong did not comply with Rule 8009.

Truong asserts that his failure to file a timely brief was excusable neglect because he claims that neither the Clerk of Court nor the Bankruptcy Court notified him that Truong's Appeal had been entered on the Court's docket. The Court is not persuaded. According to the docket, on October 2, 2007, the Clerk of Court mailed notices to the parties that Truong's Appeal had been entered on the Court's docket.

The Court further notes that although pro se litigants, such as Truong, are generally afforded some latitude, they are nonetheless required to learn and comply with procedural rules. See In re Bucurescu, 2003 WL 21297282, at *2 (citing Edwards v. Immigration and Naturalization Serv., 59 F.3d 5, 8 (2d Cir. 1995)). Additionally, Truong, who is a former attorney in the State of New York[2] and who has already appealed more than twelve orders in connection with his bankruptcy case in New Jersey, is not a typical pro se

---

[2] In 2005, Truong was disbarred in the State of New York.

appellant unfamiliar with bankruptcy appeals' procedural requirements. In fact, the United States District Court for the District of New Jersey, Docket Number 06 Civ. 3179 (SDW), by order dated July 26, 2006 ("Order of Dismissal"), dismissed a bankruptcy appeal brought by Truong because of Truong's failure to meet the requirements of filing a timely appeal pursuant to Fed. R. Bankr. P. 8001(a) and 8002(a). In that case, the only excuse Truong asserted for his lack of prosecution was that the court, subsequent to Truong's filing a notice of appeal, had not apprised Truong of the status of his appeal. The court rejected Truong's excuse because, among other reasons, Truong had multiple proceedings before several District Judges and was, ostensibly, familiar with the rules. The court thus found it "disingenuous of [Truong] to justify his inexcusable neglect based on an explanation that bears no merit." (Order of Dismissal, attached as Ex. C. to Appellee's Mem.)

Truong's purported excuse in the instant action is equally disingenuous. Despite the Clerk of Court having mailed notice in the instant action to Truong and Truong's substantial familiarity with the bankruptcy appellate processes and procedures, he waited over four months after his notice of appeal was docketed before taking any action. Truong, ostensibly aware that he would have only fifteen days

within which to file his brief pursuant to Rule 8009, never formally inquired as to the status of his appeal or requested an extension to file his brief. The Court is not persuaded that Truong's failure to file a brief was the result of a good faith mistake or that it arose out of circumstances beyond Truong's control. Rather, Truong has unreasonably delayed the bankruptcy appellate process because of his neglectful and dilatory failure to file a timely brief. Accordingly, Truong has not established sufficient excusable neglect warranting reinstatement of the action to the Court's calendar.

Because the Court has denied Truong's motion to vacate the January 17 Order dismissing the bankruptcy appeal, the Court need not address the merits of Truong's additional motions.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that appellant Mac Truong's ("Truong") motions (Docket No. 5) to vacate the Court's dismissal order dated January 17, 2008, disqualify Steven P. Kartzman as an appellee or a party herein, issue a briefing schedule order, and direct the Clerk of Court to serve Truong with a copy of any of the Court's orders in this case are DENIED.

The Clerk of Court is directed to withdraw all pending motions and to close this case.

**SO ORDERED.**

Dated:    New York, New York
          12 May 2008

                                  VICTOR MARRERO
                                      U.S.D.J.